IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH BUIE, Individually and as Administrator of the Estate of HELENA BUIE, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-CV-1130-SMY-DGW |
| vs. | ) ) | |
| MAUL EXCAVATING, INC., DANIEL MAUL, Individually and as President of MAUL EXCAVATING, INC., and UNKNOWN DEFENDANTS, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion to Remand filed by Plaintiff Kenneth Buie, Individually and as Administrator of the Estate of Helena Buie (Doc. 10). Defendants filed a response (Doc. 20). For the following reasons, the motion is **DENIED**.

## Background

Plaintiff originally filed suit against Defendants Maul Excavating, Inc. and Daniel Maul in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois alleging two counts of tortious interference with a contract (Doc. 1-3). In the Complaint, Plaintiff alleges that Defendants hired him through the Carpenters' Union. Pursuant to a contract between Plaintiff and the Carpenter's Union, a portion of Plaintiff's wages were to be withheld by Defendants for Plaintiff's health insurance. The health insurance covered Plaintiff and his wife. However, after Plaintiff began working for Defendants, his wife was denied medical treatment and testing due to Defendants' failure to pay funds withheld from Plaintiff's wages to the Carpenters' Union.

Plaintiff alleges that as a result of Defendants' failure to pay the funds to the union, his wife did not receive the medical testing she needed and passed away. Plaintiff further alleges that Defendants breach their fiduciary duty by failing to timely and adequately make payments to the Carpenters' Union on Plaintiff's behalf. Plaintiff asserts that his wife's death was a direct and proximate cause of Defendants breach of fiduciary duty. Defendants removed the matter to this Court, asserting that Plaintiff's tortious interference claims are governed and preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA").

## Discussion

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and any doubts concerning removal are to be resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2s 908, 911 (7th Cir. 1993).

To determine whether removal is proper under § 1441(a), courts generally apply the "well-pleaded complaint" rule, which provides that a defendant may not remove a case to federal court unless the plaintiff's Complaint establishes that the case 'arises under' federal law. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). An exception to the well-pleaded complaint rule exists, however, where Congress intends federal law to control so completely in a particular subject area that all claims in that area are automatically characterized as federal in nature. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

In the context of ERISA, a party's state law claims involving an ERISA plan may be subject to both "complete preemption" and "conflict preemption." "Complete preemption" is a doctrine of federal subject matter jurisdiction, while "conflict preemption" is a defense to state law claims. *See Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir. 1995). Under complete preemption, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Speciale v. Seybold,* 147 F.3d 612, 615 (7th Cir. 1998), *cert. denied,* 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 450 (1998). By contrast, if a plaintiff's state law claim is only subject to the defense of conflict preemption, ERISA preemption will not serve as a basis for removal. *See id.*

The scope of complete preemption is fairly narrow and requires the Court to determine whether a plaintiff's state law claims can be re-characterized as claims falling under the civil enforcement provisions of ERISA § 502(a). *See Rice,* 65 F.3d at 642. The relevant portion of § 502(a) provides that a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. § 1132(a)(1)(B).

In *Aetna Health Inc. v. Davila,* the Supreme Court held that a state-law claim is deemed to be a preempted federal claim under ERISA Section 502(a)(1) if: (1) the plaintiff complains about being denied benefits to which he is entitled only because of the terms of an ERISA-regulated plan; and (2) the plaintiff does not allege the violation of any state or federal legal duty independent of ERISA or the plan. *Davila*, 542 U.S. at 210, 124 S.Ct. 2488. Here, Plaintiff's tortious interference claims are preempted under *Davila*'s two-part framework,

At its core, Plaintiff's claim is that his wife was denied benefits to which she was entitled under his union Plan because Defendants interfered with his contract. Thus, Plaintiff could have brought his state law tortious interference claims under ERISA's civil enforcement provision. *See, e.g., Maciosek v. Blue Cross & Blue Shield United of Wis.,* 930 F.2d 536, 540 (7th Cir. 1991). Moreover, Plaintiff does not allege the violation of any state or federal legal duty independent of ERISA or his union Plan. The breach he alleges is Defendants' alleged failure to timely and adequately make health insurance payments per the Plan, to the Carpenters' Union on Plaintiff's behalf. Accordingly, Plaintiff's Motion to Remand is denied.

**IT IS SO ORDERED.**

**DATE: December 6, 2017**

                          **s/ Staci M. Yandle**
                          **STACI M. YANDLE**
                          **United States District Judge**