IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNETH BUIE, Individually and as | ) | |
|---|---|---|
| Administrator of the Estate of | ) | |
| HELENA BUIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-CV-1130-SMY-DGW |
| | ) | |
| vs. | ) | |
| | ) | |
| MAUL EXCAVATING, INC., | ) | |
| DANIEL MAUL, Individually and as | ) | |
| President of MAUL EXCAVATING, INC., | ) | |
| and UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kenneth Buie originally filed suit against Defendants Maul Excavating, Inc. and Daniel Maul in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois asserting two counts of tortious interference with a contract (Doc. 1-3). Defendants successfully removed the matter to this Court pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Now pending before the Court is Defendants' Motion to Dismiss (Doc. 9). For the following reasons, the motion is **DENIED**.

In the Complaint, Plaintiff alleges that Defendants hired him through the Carpenters' Union. Pursuant to a contract between Plaintiff and the Carpenters' Union, a portion of Plaintiff's wages were to be withheld by Defendants for Plaintiff's health insurance, which was to cover Plaintiff and his wife. However, after Plaintiff began working for Defendants, his wife was denied medical treatment and testing due to Defendants' failure to pay funds withheld from Plaintiff's wages to the Carpenters' Union. Plaintiff alleges that as a result of Defendants' failure to pay the funds to the union, his wife did not receive the medical testing she needed and

1

passed away.  Plaintiff further alleges that Defendants breach their fiduciary duty by failing to timely and adequately make payments to the Carpenters' Union on Plaintiff's behalf.  Plaintiff asserts that his wife's death was a direct and proximate cause of Defendants' breach of fiduciary duty.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all facts alleged in the Complaint and construes all reasonable inferences in favor of the plaintiff.  *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006).  In order to state a claim upon which relief can be granted, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

Defendants contend that Plaintiff's claim should be dismissed for failure to properly plead state law tortious interference claims.  To state a viable claim for tortious interference with a contract, a plaintiff must plead (1) the existence of a valid and enforceable contract between the plaintiff and a third party, (2) that the defendant was aware of the contract, (3) that the defendant intentionally and unjustifiably induced a breach of the contract, (4) that the wrongful conduct of the defendant caused a subsequent breach of the contract by the third party, and (5) that the plaintiff was damaged as a result.  *Bank Financial, FSB v. Brandwein*, 36 N.E.3d 421, 430 (1st Dist. 2015).

This Court previously held that, although couched as tortious interference claims, Plaintiff's claims are really claims under ERISA, alleging the denial of benefits due to Defendants' interference with his Union Plan (*see* Doc. 22). However, even though ERISA preempts the state-law version of Plaintiff's tortious interference claims, this Court must determine whether ERISA itself permits Plaintiff to bring an ERISA-based tortious interference claim. *See McDonald v. Household Int'l, Inc.,* 425 F.3d 424, 428 (7th Cir. 2005).

Here, Plaintiff has properly pleaded his claims. Drawing all inferences in Plaintiff's favor, his allegations are sufficient to meet Rule 8's liberal pleading requirements. Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Although not specifically pled as ERISA claims, Plaintiff's allegations suggest that he has a right to relief under the civil enforcement provision of ERISA, § 502(a), 29 U.S.C. § 1132(a). Thus, dismissal is not required. *See McDonald,* 425 F.3d at 428 (finding error in the district court's decision that preemption under ERISA means that the complaint must be dismissed or amended). "The real question [is] whether relief [is] possible based on any legal theory—ERISA included—under any set of facts that could be established consistent with the allegations." *Id.* The Court finds that there are sufficient factual allegations in Plaintiff's Complaint to allow his claims to proceed against the Defendants. Accordingly, Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

**DATED: January 5, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**